UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SACRAMENTO, | No. 2:17-cv-00085-MCE-EFB |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| ERIC HENRIKSON, | |
| Defendant. | |

Currently before the Court is Plaintiff County of Sacramento's Motion for Preliminary Injunction, ECF No. 5, which seeks to enjoin Defendant Eric Henrikson from relitigating the effect of a stipulation and order entered into by the two parties in the course of prior litigation on the County's credit rights against Henrikson's workers' compensation benefits.  The Motion came on regularly for hearing before the undersigned on February 3, 2017.  Plaintiff was represented by Charleton Pearse of the law firm of Lenahan, Lee, Slater & Pearse, LLP; Phillip Mastagni and Gregory Gomez from Mastagni Holstedt, APC appeared on Defendant's behalf.  After reviewing the papers submitted and having entertained oral argument Plaintiff's Motion is GRANTED as set forth below.

///

///

Eric Henrikson was a deputy sheriff with the County of Sacramento. On July 13, 2005, during his employment with the County, a helicopter he was riding in suffered catastrophic engine failure and crashed. In response, Henrikson filed suit against the helicopter manufacturer. On January 22, 2008, the County asserted a lien against any recovery obtained in that lawsuit as reimbursement for workers' compensation benefits paid by the County to and on behalf of Henrikson. Notice, Henrikson v. Turbomeca S.A., No. 2:06-cv-01563-WBS-DAD (E.D. Cal. Jan. 22, 2008), ECF No. 94. The County ultimately withdrew its lien claim and entered into a stipulation to that effect with Henrikson. The parties' stipulation was subsequently approved by the Court through an order signed by District Judge William B. Shubb. Stipulation and Order, Henrikson v. Turbomeca, S.A., No. 2:06-cv-01563-WBS-DAD (E.D. Cal. June 26, 2008), ECF No. 143. This Stipulation and Order forms the basis of the current litigation.

The County later filed a petition for credit on May 8, 2013, before the California Workers' Compensation Appeals Board ("WCAB"). On July 17, 2013, Henrikson filed suit in this Court, seeking injunctive and declaratory relief, claiming that the County waived any credit claims rights in the Stipulation and Order referenced above. Complaint, Henrikson v. County of Sacramento, No. 2:13-cv-01425-MCE-EFB (E.D. Cal. July 16, 2013), ECF No. 1. As this Court explained, the Stipulation and Order formed the sole basis for federal jurisdiction:

> Plaintiff contends that the County has "affirmatively violated" Judge Shubb's Order by petitioning the WCAB for credit rights in the face of an Order which "included not only a waiver of lien rights, but also a waiver of 'other rights of recovery' which includes credit rights." Plaintiff accordingly asks the Court to enforce Judge Shubb's order which he describes as having "permanently adjudicated" these issues. It follows that unless Judge Shubb's order does encompass credit rights, jurisdiction over this matter does not apply.

Henrikson v. County of Sacramento, No. 2:13-cv-01425-MCE-EFB, 2014 WL 546706, at *4 (E.D. Cal. Feb. 11, 2014). After briefing from both parties and oral argument, the

Court ultimately concluded that "there is no basis for concluding that Judge Shubb's Order addressed credit rights," and dismissed the case for lack of subject matter jurisdiction. Id. at *7.

Over two years later, on October 19, 2016, Henrikson filled a Declaration of Readiness to Proceed in the still-pending action before the WCAB. In that declaration, the sole issue identified was whether the Stipulation and Order constituted a waiver of the County's credit rights. On October 27, 2016, the County timely objected to the declaration, in part based on res judicata. On December 20, 2016, the issue was set for a Mandatory Settlement Conference, at which the County again objected to the issue being set for trial based on res judicata. Nevertheless, the matter was set for trial on February 7, 2017.

On January 6, 2017, the County filed a Petition for Removal seeking to rescind the order setting trial for February 7, 2017. On January 13, 2017, the assigned workers' compensation judge recommended that the Petition be denied. The County also filed this action on January 12, 2017, seeking injunctive and declaratory relief to the effect that the Stipulation and Order does not affect any credit rights it may have against Henrikson's workers' compensation benefits. In light of the pending trial before the WCAB, the County filed the instant Motion for Preliminary Injunction.

**STANDARD**

"A preliminary injunction is an extraordinary and drastic remedy." Munaf v. Geren, 553 U.S. 674, 690 (2008). "[T]he purpose of a preliminary injunction is to preserve the status quo between the parties pending a resolution of a case on the merits." McCormack v. Hiedeman, 694 F.3d 1004, 1019 (9th Cir. 2012). A plaintiff seeking a preliminary injunction must establish that he is (1) "likely to succeed on the merits;" (2) "likely to suffer irreparable harm in the absence of preliminary relief;" (3) "the balance of equities tips in his favor;" and (4) "an injunction is in the public interest." Winter v.

1  Natural Res. Defense Council, 555 U.S. 7, 20 (2008).  "If a plaintiff fails to meet its

2  burden on any of the four requirements for injunctive relief, its request must be denied."

3  Sierra Forest Legacy v. Rey, 691 F. Supp. 2d 1204, 1207 (E.D. Cal. 2010) (citing Winter,

4  555 U.S. at 22).  "In each case, courts 'must balance the competing claims of injury and

5  must consider the effect on each party of the granting or withholding of the requested

6  relief.'"  Winter, 555 U.S. at 24 (quoting Amoco Prod. Co. v. Gambell, 480 U.S. 531, 542

7  (1987)).  A district court should enter a preliminary injunction only "upon a clear showing

8  that the plaintiff is entitled to such relief."  Winter, 555 U.S. at 22 (citing Mazurek v.

9  Armstrong, 520 U.S. 968, 972 (1997)).

10  　　　Alternatively, under the so-called sliding scale approach, as long as the plaintiff

11  demonstrates the requisite likelihood of irreparable harm and shows that an injunction is

12  in the public interest, a preliminary injunction can still issue so long as serious questions

13  going to the merits are raised and the balance of hardships tips sharply in the plaintiff's

14  favor.  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134–35 (9th Cir. 2011)

15  (concluding that the "serious questions" version of the sliding scale test for preliminary

16  injunctions remains viable after Winter).

17

18  **ANALYSIS**

19

20  　　**A.　　Subject Matter Jurisdiction**

21  　　　As an initial matter, Henrikson argues that this Court lacks subject matter

22  jurisdiction over the current controversy.  The County, conversely, relies on the

23  relitigation exception to the Anti-Injunction Act, 26 U.S.C. § 2283, in support of finding

24  subject matter jurisdiction.[1]  It is, of course, axiomatic that federal courts are courts of

25  limited jurisdiction and are presumptively without jurisdiction over civil actions.

26  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The burden of

27  _____

28  　　　[1] Ironically, the parties held the opposite opinions in the prior litigation in which their roles as
plaintiff and defendant were reversed.

4

establishing the contrary rests upon the party asserting jurisdiction.  Id.  The County has carried that burden here.

The County points to the All Writs Act, 28 U.S.C. § 1651, as the basis for the Court's jurisdiction.  The All Writs Act empowers federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.  Id. § 1651(a).  Henrikson, for his part, contends that "the Act only preserves jurisdiction that a court has acquired from 'some other independent source in law' and does not independently grant jurisdiction."  Def.'s Opp'n to Mot. for Prelim. Inj., ECF No. 18, at 8 (quoting Doe v. Immigration & Naturalization Serv., 120 F.3d 200, 204–205 (9th Cir. 1997)).  Henrikson essentially contends that because this Court's prior order found no subject matter jurisdiction to determine the County's credit rights, there is no "other independent source in law" to support application of the All Writs Act.  However, the Act also "empowers a district court to issue injunctions to enforce judgments and to reinforce the effects of the doctrines of res judicata and collateral estoppel."  Charlton v. Estate of Charlton, 841 F.2d 988, 989 (9th Cir. 1988).  Furthermore, "when a district court incorporates the terms of a settlement agreement or a stipulation into an order, it retains subject matter jurisdiction to interpret and enforce the contents of that order."  Nehmer v. U.S. Dep't of Veterans Affairs, 494 F.3d 846, 856 (9th Cir. 2007).  Thus, when the terms of a stipulation are at issue, as is here, an "independent source in law" exists and allows application of the All Writs Act.

**B.    Availability Of Injunctive Relief**

The Court must next address the Anti-Injunction Act, which prohibits federal courts from "grant[ing] an injunction to stay proceedings in a State court," subject to several exceptions.  28 U.S.C. § 2283.  The relevant exception here allows a federal court to issue such an injunction "to protect or effectuate its judgment."  Id.  This is the so-called "relitigation exception."  See W. Sys. Inc. v. Ulloa, 958 F.2d 864, 868 (9th Cir. 1992).  "[T]he relitigation exception is 'founded in the well-recognized concepts of res judicata and collateral estoppel."  Id. at 870 (quoting Chick Kam Choo v. Exxon Corp.,

5

486 U.S. 140, 147 (1988). "This exception 'was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court.'" <u>California v. Randtron</u>, 69 F. Supp. 2d 1264, 1270 (E.D. Cal. 1999) (quoting <u>Chick Kam Choo</u>, 486 U.S. at 147).

Though there is some debate over the proper terms, the larger concept of res judicata consists of claim preclusion (also called "true res judicata") and issue preclusion (also called "collateral estoppel"). <u>See generally</u> 18 Charles Alan Wright, et al., <u>Federal Practice and Procedure</u> § 4402, Westlaw (database updated January 2017) (discussing "the vocabulary of res judicata"). This case involves issue preclusion, and the application of issue preclusion to the relitigation exception was set out in the Court's order in the case previously brought by Henrikson:

> The key to application of the exception is whether the issue was in fact decided in the prior proceeding. In making that determination, the party seeking to come within the exception . . . must first show that the issue previously decided was the same issue as the one present in the state tribunal sought to be enjoined. At the very least, the issues must be "intimately linked" if not identical. Second, the parties must have been substantially the same in the federal action and the subsequent state tribunal. The party seeking to avail himself of the relitigation exception must make a "strong and unequivocal showing" that both these elements are satisfied. Any exception to the Anti-Injunciton Act must be narrowly construed, with doubts as to the propriety of enjoining a state court proceeding resolved in favor of permitting state action to move forward.

<u>Henrikson</u>, 2014 WL 546706, at *5 (citations omitted).

The prior action involved the identical parties as in the pending WCAB case, where the Court found that the Stipulation and Order had no effect on any credit rights the County might have. <u>Id.</u> at *7 ("[A] lien settlement which does not directly address credit rights cannot prevent the employer from subsequently asserting those rights. . . . There is no reference in Judge Shubb's Order to . . . credit rights. . . . The Court declines to interpret or to read into Judge Shubb's Order a term that does not exist."). This is also the very same issue that Henrikson now brings before the WCAB.

///

6

Henrikson, however, contends the relitigation exception does not apply because the Court "defer[ed] jurisdiction to the WCAB to determine the credit waiver issue." Def.'s Opp'n to Prelim. Inj., at 6.  This is only partially true.  The Court deferred jurisdiction to the WCAB to determine the larger issue of what credit rights, if any, the County has against Henrikson's workers' compensation benefits.  This is because the Stipulation and Order did not affect those rights.  Henrikson, 2014 WL 546706, at *7 ("[T]he Court lacks any ancillary jurisdiction over workers' compensation credit rights in this matter because Judge Shubb's Order did not address such rights . . . ." (emphasis added)).  The Court did not defer jurisdiction to the WCAB to determine whether the Stipulation and Order affected those rights.  It held that the Stipulation and Order did not.

Henrikson also contends the relitigation exception does not apply because the Court "only performed a facial analysis, without an evidentiary hearing," which provides res judicata "only as to the lack of jurisdiction of this court."  Def.'s Opp'n to Prelim. Inj., at 7.  While this is generally true, the Court's prior order was not limited to a facial analysis.  Instead, the order also addressed "the merits of Plaintiff's argument that the credit issue was already determined in the prior litigation presided over by Judge Shubb."  Henrikson, 2014 WL 546706, at *4.  This is because "the Court's jurisdiction . . . depend[ed] on the merits," that is, the scope of the Stipulation and Order's waiver.  Id.  Thus, the cases cited by Henrikson are inapplicable to the current situation.  For example, Henrikson cites Gupta v. Thai Airways Int'l, Ltd., 487 F.3d 759 (9th Cir. 2007)—which construed California collateral estoppel rules—for the proposition that "[a]n order denying a motion or dismissing a proceeding for procedural reasons such as lack of jurisdiction is not res judicata as to the merits of any underlying substantive question," id. at 766 (alteration in original).  However, the scope of the Stipulation and Order was not an "underlying substantive question;" it was a preliminary question that needed resolution before the Court could reach the ultimate issue of subject matter jurisdiction.  Indeed, Henrikson omits the very next sentence of Gupta which counsels the opposite

///

conclusion of the one he urges this Court to reach: "[S]uch dismissal <u>does bar</u> re-litigation of issues necessary for the determination of jurisdiction." <u>Id.</u> (citation omitted).

Accordingly, because this Court's prior order conclusively determined that the Stipulation and Order had no effect on the County's credit rights, the relitigation exception to the Anti-Injunction Act applies and the Court is authorized to enjoin the WCAB proceeding to the extent that proceeding seeks to relitigate the issue of whether the Stipulation and Order affects the County's credit rights against Henrikson's workers' compensation benefits.

### C. <u>Winter</u> Factors

After finding that the Court is authorized to enjoin the WCAB proceeding as set forth above, it must now turn to the factors set out in <u>Winter</u> with respect to whether a preliminary injunction is in fact proper. Concluding that the County is entitled to preliminary relief, the Court ENJOINS Henrikson from relitigating before the WCAB the issue of whether the Stipulation and Order waived the County's workers' compensation credit rights; it did not.

### 1. The County is likely to succeed on the merits.

As discussed above, the County's claim appears to fall squarely within the doctrine of collateral estoppel, which "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment.'" <u>Taylor v. Sturgell</u>, 553 U.S. 880, 892 (2008). Collateral estoppel "applies when: '(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom [collateral estoppel] is asserted was a party or in privity with a party at the first proceeding.'" <u>Paulo v. Holder</u>, 669 F.3d 911, 917 (9th Cir. 2011). It appears likely that the County can demonstrate all three factors exist here.

First, the issue to be litigated in the WCAB trial is identical to one necessarily decided at a previous proceeding. Henrikson identified the issue to be tried in front of

8

the WCAB as, "County of Sacramento is claiming credit in contravention of Stipulation and Order dated 6/23/08 (Court Docket 143) in 2:06-cv-01563 and post-stipulation conduct." Req. for Judicial Notice, Ex. E, ECF No. 6-1, at 3. While it is unclear what Henrikson intends by "post-stipulation conduct," the issue of whether claiming credit contravenes the Stipulation and Order was necessarily decided when this Court dismissed Henrikson's suit for injunctive and declaratory relief on the same issue. Claiming credit cannot contravene the Stipulation and Order because the Stipulation and Order "did not address [workers' compensation credit] rights." Henrikson, 2014 WL 546706, at *7.

Second, the first proceeding ended with "a final judgment on the merits" as defined within the doctrine of collateral estoppel. "[F]or the purposes of issue preclusion . . . , 'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." Restatement (Second) of Judgments § 13 (Am. Law Inst. 1982). The determination of the scope of the Stipulation and Waiver with regard to credit rights fulfills these requirements. It was firmly decided as a necessary predicate to the Court's ultimate conclusion that it lacked jurisdiction to consider workers' compensation credit rights more comprehensively.

Finally, the parties in the WCAB trial are identical to those before the court when Henrikson filed his suit for declaratory and injunctive relief against the County, and the Court made this determination. Accordingly, the County has fulfilled the first Winter factor.

### 2. The County is likely to suffer irreparable harm in the absence of preliminary relief

The County is also likely to suffer irreparable harm in the absence of a preliminary injunction as it will be forced to relitigate an issue that has already been decided. The requisite level of irreparable harm "is usually met . . . where there is a likelihood of costly and judicially wasteful relitigation of claims and issues that were already adjudicated in

federal court." <u>Trs. of the IL WU-PMA Pension Plan v. Peters</u>, 660 F. Supp. 2d 1118, 1145 (N.D. Cal. 2009) (citing <u>Quintero v. Klaveness Ship Lines</u>, 914 F.2d 717, 721 (9th Cir. 1990)).  There is no indication that this analysis does not apply equally to Henrikson's attempt to relitigate the scope of the Stipulation and Order before the WCAB.

### 3. The balance of hardships and the public interest favor the issuance of a preliminary injunction

The balance of hardships tilts decidedly in the County's favor.  Henrikson is attempting to get another bite of the apple on an issue already decided by this Court.  A preliminary injunction would not harm Henrikson and instead would prevent him from receiving a windfall.  The public interest also favors the issuance of a preliminary injunction.  The prevention of relitigation served by collateral estoppel not only "protects . . . adversaries from the expense and vexation attending multiple lawsuits," but also "conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." <u>Montana v. United States</u>, 440 U.S. 147, 153–54 (1979).  Consequently, all factors identified by <u>Winter</u> as germane to the propriety of preliminary injunctive relief appear satisfied.

///
///
///
///
///
///
///
///
///
///
///

**CONCLUSION**

For the reasons provided, the County's Motion for Preliminary Injunction, ECF No. 5, is GRANTED.  Henrikson is hereby ENJOINED from attempting to relitigate the scope of the Stipulation and Order signed by Judge Shubb on June 26, 2008, with regards to workers' compensation credit rights, including before the California Workers' Compensation Appeals Board.  This Court previously determined that it had no effect on those rights and thus collateral estoppel bars its relitigation.

IT IS SO ORDERED.

Dated:  February 3, 2017

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE